AKIN GUMP STRAUSS HAUER & FELD LLP
Abid Qureshi (AQ-4882)
Deborah J. Newman (DN-3272)
590 Madison Avenue
New York, New York 10022
(212) 872-1000

Rhonda R. Trotter
2029 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 229-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAMON AYALA, EL CARTEL RECORDS, INC  :
and LOS CANGRIS, INC. d/b/a CANGRIS   :
PUBLISHING                            :
                                      :
            Plaintiffs,               :
                                      :
    v.                                :    05 CV 4392 (BSJ)
                                      :
TEEVEE TOONS, INC. d/b/a TVT RECORDS, :
TVT MUSIC, INC., JONATHAN SMITH,      :
ARMANDO PEREZ, and DOES 1-2000        :
                                      :
            Defendants.               :

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

I. MOTION TO DISMISS STANDARD ............................................................................. 4

    A. Federal Rule of Civil Procedure 12(b)(1) ............................................................ 4

    B. Federal Rule of Civil Procedure 12(b)(6) ............................................................ 4

II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' COPYRIGHT INFRINGEMENT CLAIMS ....................................................................... 5

    A. Plaintiffs' Copyright Claims Do Not Allege that Defendant TVT Committed Any Act of Infringement in the United States ............................................................... 5

    B. The Mere Authorization of Extraterritorial Acts of Infringement does not State a Claim under the Copyright Act ............................................................................ 6

III. PLAINTIFFS' LANHAM ACT CLAIM MUST BE DISMISSED ................................. 7

    A. Plaintiffs' Lanham Act Claim Fails as a Matter of Law ....................................... 8

    B. Plaintiffs' Amended Complaint Fails to Allege the "Substantial Domestic Effects" Prerequisite to Extraterritorial Application of the Lanham Act ............................. 9

IV. "INTERNATIONAL COPYRIGHT LAW" DOES NOT CONFER SUBJECT MATTER JURISDICTION ON THIS COURT ............................................................................... 11

V. PLAINTIFFS CANNOT STATE A CLAIM FOR DECLARATORY RELIEF UNDER THE COPYRIGHT ACT ................................................................................................ 13

VI. THE ALLEGED "OFFERING" TO UNIVERSAL FILMS OF THE RIGHTS TO USE THE GASOLINA REMIX IN A MOVIE TRAILER DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................................................... 13

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**            Page (s)

*Armstrong v. Virgin Records*, 91 F. Supp. 2d 628 (S.D.N.Y. 2000) ............................6, 8

*Atlantic Richfield Co. v. Arco Globus Int'l Co.*, 150 F.3d 189 (2d Cir. 1998) ...............11

*Augienello v. Fed. Deposit Ins. Corp.*, 310 F. Supp. 2d 582 (S.D.N.Y. 2004) ..................5

*A.V. By Versace, Inc., v. Gianna Versace, S.p.A.*, 126 F. Supp. 2d 328 (S.D.N.Y. 2001) ............11

*Beechwood Music Corp. v. Vee Jay Records, Inc*, 226 F. Supp. 8 (S.D.N.Y. 1964)...............12, 13

*Boosey & Hawkes Music Pubs, Ltd. v. Walt Disney Co.*, 145 F.3d 481 (2d Cir. 1998)................13

*Cohen v. Koenig*, 25 F.3d 1168 (2d Cir. 1994)............................................................6

*Connolly v. McCall*, No. 98 Civ. 2889 (DAB), 2000 WL. 375239 (S.D.N.Y. 2000)....................14

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) ........................3, 8, 9, 10

*De Bardossy v. Pusky*, 763 F. Supp. 1239 (S.D.N.Y. 1991)................................................6, 7, 13

*DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996) ............................................6

*Gallo v. United States*, 950 F. Supp. 1246 (S.D.N.Y.1997) ........................................2, 5, 7, 11

*Integrated Utils. Inc. v. United States*, No. 96 Civ. 8983, 1997 WL. 529007 (S.D.N.Y. Aug. 26, 1997) ................5

*Jorgensen v. Epic/Sony Records*, 351 F.3d 46 (2d Cir. 2003) ........................................15

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ..............................................5

*Nat'l Football League v. PrimeTime 24 Joint Venture*, No. 98 CIV. 3778(LMM) 1999 WL. 163181 (S.D.N.Y. March 24, 1999) ................8

*Peterson v. Continental Airlines Inc.*, 970 F. Supp. 246 (S.D.N.Y.1997) .........................5

*Quantitative Fin. Software v. Infinity Fin. Tech.*, 1998 U.S. Dist. LEXIS 11575 (S.D.N.Y. 1998) ................13

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir.1994) ............................5

*Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236 (2d Cir. 2002) ............................................. 5

*Smith v. New Line Cinema*, No. 03 Civ. 5274(DC), 2004 WL. 2049232 (S.D.N.Y. September 13, 2004) .................................................................................................................. 9

*Suba Films v. MGM-Pathe Communications*, 24 F.3d 1088 (1994) .............................................. 8

*Time, Inc. v. Petersen Publishing Co., L.L.C.*, 173 F.3d 113 (2d Cir. 1999) ............................... 12

*Update Art v. Modin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1998) ......................................................... 6

*Well-Made Toy Mfg. Corp. v. Lotus Onda Indus. Co.*, No. 02 Civ. 1151(CBM), 2003 WL. 42001 (S.D.N.Y. January 6, 2003) .................................................................................... 8

*World Book, Inc., v. Int'l Bus. Mach. Corp.*, 354 F. Supp. 2d 451 (S.D.N.Y. 2005) .............. 11, 12

## STATUTES

15 U.S.C. 1125 ............................................................................................................................ 8, 9

Federal Rule of Civil Procedure 12(b)(1) ............................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 15

Defendants TeeVee Toons, Inc., d/b/a/ TVT Records and TVT Music, Inc. (collectively, "TVT"), by and through their undersigned counsel, submit this Memorandum of Law in support of their motion to dismiss the Amended Complaint filed by Plaintiffs Ramon Ayala, El Cartel Records, Inc., and Los Cangris Inc. d/b/a/ Cangris Publishing ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiffs assert that in October of 2004 they granted to TVT a non-exclusive limited license to sell and distribute a derivative composition in a sound recording entitled "Gasolina DJ Buddah Remix" ("Gasolina Remix"), as part of an album by Defendant Lil Jon entitled "Crunk Juice" (the "Crunk Juice Album"). Am. Comp. ¶ 25. Each of the six counts in the Amended Complaint ultimately stems from the allegation that TVT exceeded the terms of this license by (a) licensing the Gasolina Remix to third parties for sale and distribution as part of numerous "compilation albums" in Europe, and (b) licensing the Gasolina Remix to third parties in Europe not as part of the Crunk Juice Album, but by way of "digital download." Am. Comp. ¶ 26. The Amended Complaint does not allege that TVT exceeded the terms of its license *in the United States*; rather, the factual predicate for each of the six counts is allegedly infringing conduct occurring entirely outside of the United States. Accordingly, Plaintiffs improperly ask this Court to assert subject matter jurisdiction through the extraterritorial application of the Copyright Act and the Lanham Act. Plaintiffs' attempt must fail, and their Amended Complaint dismissed in its entirety.

With respect to Plaintiffs' five copyright counts, it is black letter law that United States copyright laws do not have extraterritorial effect, and that this Court does not have subject matter

1

jurisdiction to apply the Copyright Act to infringing acts taking place entirely outside of the United States. This Court similarly lacks subject matter jurisdiction over Plaintiffs' Lanham Act count, based on Plaintiffs' failure to plead facts showing "substantial domestic effects" of conduct occurring abroad, which is a necessary predicate to extraterritorial reach of the Lanham Act. Additionally, Plaintiffs' Lanham Act claim also fails under the Supreme Court's ruling, in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003), that unauthorized use of a copyrightable work or miscrediting the authors of the work does not constitute violation of the Lanham Act.

## STATEMENT OF FACTS

### Plaintiffs' Claimed Copyright

Plaintiff El Cartel Records claims ownership of the copyrighted sound recording entitled Gasolina (the "Gasolina Master"), and Plaintiff Los Cangris Publishing claims ownership of the copyrighted composition of the same name (the "Gasolina Composition"). Am. Comp. ¶ 1(a). Plaintiffs claim that Defendants have copied and appropriated a portion of the Gasolina Master and Gasolina Composition by embodying portions of those copyrighted works in the Gasolina Remix derivative composition. Am. Comp. ¶ 1(b)

### Plaintiffs Admit That They Authorized TVT to Sell and Distribute the Gasolina Remix

Plaintiffs admit that on or about October 14, 2004, they granted TVT a non-exclusive limited license to sell and distribute the Gasolina Remix as part of Defendant Lil Jon's Crunk Juice Album. Am. Comp. ¶ 25.

### Plaintiffs Allege that TVT's Activity Outside the United States Exceeded the Scope of Its License

Plaintiffs allege that TVT exceeded the scope of its license in four ways: (1) improperly licensing the Gasolina Remix to third parties "for sale and distribution in certain European

2

countries" by including it on numerous compilation albums; (2) improper crediting by these licensees of the Gasolina Remix as the original work in which Plaintiffs claim to hold valid copyrights; (3) "offering" Universal Films the rights to use the Gasolina Remix in a movie trailer; and (4) licensing the Gasolina Remix to third parties by way of "digital download" and not as part of the Crunk Juice Album. Am. Comp. ¶ 26(a)-(d). The Amended Complaint does not allege that any of these acts occurred in the United States. To the contrary, it acknowledges that the compilation albums were distributed only *in Europe*, contends that Plaintiffs learned of the alleged "digital download" availability of the Gasolina Master from its distributor *in Europe*, and contains no specific allegations at all concerning TVT's alleged offer to Universal Films to use the Gasolina Master in a movie trailer.

### Plaintiffs Allege Unfair Competition Occurring Outside of the United States

Plaintiffs' Lanham Act claim is predicated upon the assertion that the release of compilation albums, which occurred only in Europe, and the improper crediting of authorship on those albums, caused confusion and was misleading and false. Am. Comp. ¶¶ 42-44. The Amended Complaint does not allege that this conduct caused any confusion or deception of the public in the United States.

# ARGUMENT

## I. MOTION TO DISMISS STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Augienello v. Fed. Deposit Ins. Corp.*, 310 F. Supp. 2d 582, 587 (S.D.N.Y. 2004) (citing *Peterson v. Continental Airlines Inc.*, 970 F. Supp. 246 (S.D.N.Y. 1997)). "The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence," that jurisdiction exists. *Augienello*, 310 F. Supp. 2d at 587-88 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996)); *Gallo v. United States*, 950 F. Supp. 1246, 1248 (S.D.N.Y. 1997) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)).

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may properly refer to evidence beyond the pleadings to resolve disputed jurisdictional facts. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Accordingly, the court may decide whether subject matter jurisdiction exists "on the basis of affidavits or other evidence, and 'no presumptive truthfulness attaches to the complaint's jurisdictional allegations.'" *Augienello*, 310 F. Supp. 2d at 588 (citing *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y.1996)); *accord Integrated Utils. Inc. v. United States*, No. 96 Civ. 8983, 1997 WL 529007, at *3 (S.D.N.Y. Aug. 26, 1997) ("Argumentative inferences favorable to the party asserting jurisdiction should not be drawn.").

### B. Federal Rule of Civil Procedure 12(b)(6)

On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), courts must assume the well-pleaded factual allegations in the complaint as true. *Smith v. Local 819 I.B.T. Pension Plan*,

291 F.3d 236, 240 (2d Cir. 2002). However, courts need not accept legal conclusions or conclusory allegations that are not supported by facts in the complaint. *DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996). If, even accepting the well-pleaded factual allegations as true, the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief," the complaint must be dismissed. *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994).

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' COPYRIGHT INFRINGEMENT CLAIMS

Plaintiffs' first, second and third claims for relief (for copyright infringement, preliminary injunction based on copyright infringement, and willful copyright infringement, respectively) must each be dismissed because the Amended Complaint contains no allegation of a necessary predicate to subject matter jurisdiction: an act of infringement by Defendant TVT occurring in the United States.

### A. Plaintiffs' Copyright Claims Do Not Allege that Defendant TVT Committed Any Act of Infringement in the United States

It is well established and undisputed law that "United States copyright laws do not have extraterritorial effect, and that infringing acts that take place entirely outside of the United States are not actionable under our copyright laws." *Armstrong v. Virgin Records*, 91 F. Supp. 2d 628, 634 (S.D.N.Y. 2000); *see also Update Art v. Modin Pub., Ltd.*, 843 F.2d 67, 72 (2d Cir. 1998); *De Bardossy v. Pusky*, 763 F. Supp. 1239, 1243 (S.D.N.Y. 1991). A federal court may exert jurisdiction over a copyright claim alleging infringement outside of the United States only where plaintiff can show that "an infringing act occurred in the United States and that this act led to further infringement abroad." *De Bardossy*, 763 F. Supp. at 1243.

5

In *De Bardossy*, plaintiff and defendants entered into an agreement whereby defendants were authorized to publish books written by plaintiff in the United States. 763 F. Supp. at 1241. Defendants entered into arrangements with their Hungarian entity to publish the books in Hungary, and plaintiff instituted a claim for copyright infringement, arguing that defendants had infringed their copyright by entering into publishing agreements outside of the United States. *Id.* at 1243. Noting that the plaintiff failed to "produce any predicate act of infringement in the United States or even a domestic improper authorization," the Court found that it "lack[ed] subject matter jurisdiction under the Copyright Act to entertain plaintiff's claims." *Id.* at 1245.

Similarly, the Plaintiffs' Amended Complaint does not contain even one specific allegation of an act committed by TVT *in the United States* that constitutes infringement under the Copyright Act. Rather, Plaintiffs acknowledge that TVT was granted a license to the copyrighted material in the United States, but allege that TVT exceeded the scope of that license by distributing compilation albums and allowing third parties to make "digital downloads" available, presumably also *in Europe*. *See* Am. Comp. ¶¶ 25,26. Plaintiffs do not point to any specific conduct permitted or initiated by TVT in the United States that constitutes a predicate act of infringement. Thus, these allegations, even if assumed to be true, are plainly insufficient as a matter of law to confer subject matter jurisdiction on this Court.

    B.    <u>The Mere Authorization of Extraterritorial Acts of Infringement does not State a Claim under the Copyright Act</u>

Even liberally construing Plaintiffs' Amended Complaint as alleging that TVT committed an act of infringement by authorizing the distribution of compilation albums or digital downloads outside of the United States, this Court still lacks subject matter jurisdiction. It is well established law in this Circuit that the mere authorization of acts of infringement that are not cognizable under the United States copyright laws because they occur entirely outside of the

United States does *not* state a claim for infringement under the Copyright Act. *E.g., Well-Made Toy Mfg. Corp. v. Lotus Onda Indus. Co.*, No. 02 Civ. 1151(CBM), 2003 WL 42001 (S.D.N.Y. Jan. 6, 2003) ("It is now generally accepted that there can be no liability under the Copyright Act for merely authorizing an act that could not itself constitute infringement of rights secured by United States Law."); *Nat'l Football League v. PrimeTime 24 Joint Venture*, No. 98 CIV. 3778(LMM) 1999 WL 163181, at *4 (S.D.N.Y. March 24, 1999) (citing with approval the 9th Cir. holding in *Suba Films v. MGM-Pathe Communications*, 24 F.3d 1088, 1090 (1994), that "the mere authorization of extraterritorial acts of infringement does not state a claim under the Copyright Act"); *Armstrong*, 91 F. Supp. 2d at 634.

### III. PLAINTIFFS' LANHAM ACT CLAIM MUST BE DISMISSED

Plaintiffs' fourth claim for relief, styled "False Designation of Origin and Dilution," asserts that TVT's exploitation of the Gasolina Remix on compilation albums constitutes an unfair trade practice and violation of 15 U.S.C. 1125 (Section 43(a) of the Lanham Act). *See* Am. Comp. ¶ 45. Specifically, Plaintiffs allege that the public performance and sale of the Gasolina Remix as part of compilation albums under the title "Gasolina," crediting Daddy Yankee as the author and recording artist, confused the public as to the origin of the Gasolina Composition and Gasolina Master and the origin, sponsorship or approval by Daddy Yankee in the Gasolina Remix. Am. Comp. ¶¶ 43,4.

This claim fails as a matter of law because, as the Supreme Court has held, unauthorized use of a copyrightable work or miscrediting of a work does not constitute violation of the Lanham Act. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 35-7 (2003). Further, Plaintiffs' claim should be dismissed for the additional reason that Plaintiffs cannot make the showing necessary to apply the Lanham Act extraterritorially.

A.   Plaintiffs' Lanham Act Claim Fails as a Matter of Law

Section 43(a) of the Lanham Act prohibits the false designation of origin, or false or misleading description or representation of fact when advertising or selling goods in commerce, where it is likely to cause confusion or mistake, or to deceive either as to the affiliation with another person, or as to the origin, sponsorship, or approval of the person's goods, services, or commercial activities by another person. 15 U.S.C. § 1125(a)(1)(A). The Supreme Court has explicitly rejected the notion that unauthorized use of a copyrightable work or misrepresenting the authorship of such a work constitutes a false designation of origin in violation of the Lanham Act. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 35-7 (2003).

In *Dastar*, television series producer Fox sued Dastar for copyright infringement, passing off in violation of Lanham Act section 43(a), and state unfair competition, based on Dastar's distribution of a video series that Dastar produced by editing an original version of a television series for which Fox had not renewed the copyright. The Dastar videos gave credit to Dastar as producer but did not mention Fox. The Supreme Court reversed the lower court's grant of summary judgment to Fox, holding that the phrase "origin of goods," as it is used in the Lanham Act, applies only to the producers of tangible goods. More specifically, the Supreme Court held that:

> [R]eading the phrase 'origin of goods' in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which *were*), we conclude that the phrase refers to the producer of tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do.

*Dastar*, 539 U.S. at 37 (citations omitted) (emphasis added); *see also Smith v. New Line Cinema*, No. 03 Civ. 5274(DC), 2004 WL 2049232 (S.D.N.Y. Sept. 13, 2004). Thus, the Court

concluded that because Dastar, which had created the videos, was the "origin" of the products it sold, Fox could not prevail on its Lanham Act claim. *Dastar*, 539 at 38.

Similarly, Plaintiffs are not the producers of the tangible goods at issue here – phonorecords of compilations including the Gasolina Remix – and thus cannot use the Lanham Act to assert a claim against TVT for allegedly licensing such compilation albums. Accordingly, to the extent that Plaintiffs' Amended Complaint is construed as alleging conduct by TVT occurring in the United States in violation of the Lanham Act, its Lanham Act count should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Plaintiffs' Amended Complaint Fails to Allege the "Substantial Domestic Effects" Prerequisite to Extraterritorial Application of the Lanham Act

Plaintiffs' claim for violation of the Lanham Act should be dismissed for the additional and independent reason that Plaintiffs base their claim upon alleged conduct by TVT occurring outside of the United States, and cannot make the showing necessary to invoke extraterritorial application of the Lanham Act to apply to such conduct. In support of their claim, Plaintiffs repeat the allegations that Defendant TVT and its licensees, who, pursuant to the allegations of the Amended Complaint exist *only in Europe*, improperly credited Plaintiffs' interests and authorship in the Gasolina Remix, and in the public performance and sale of the Gasolina Remix on compilation albums, which are alleged to have been created and issued *only in Europe*. Am. Comp. ¶¶ 42-44. Thus, Plaintiffs ask this Court to apply the Lanham Act extraterritorially to conduct occurring entirely outside of the United States.

The Second Circuit has determined that the Lanham Act may be applied extraterritorially to conduct occurring outside the United States only if the plaintiff can meet a three-prong test: (1) establish the defendant is a United States citizen, (2) establish a conflict between the defendant's trademark rights under foreign law and the plaintiff's trademark rights under

9

domestic law, and (3) establish that defendant's conduct has a substantial effect on United States commerce. *Atlantic Richfield Co. v. Arco Globus Int'l Co.*, 150 F.3d 189, 192 (2d Cir. 1998); *A.V. By Versace, Inc., v. Gianna Versace, S.p.A.*, 126 F. Supp. 2d 328, 336 (S.D.N.Y. 2001). The existence of the first two factors alone is insufficient to apply the Lanham Act extraterritorially. *Atlantic Richfield*, 150 F.3d at 192 n.4.

In applying the "substantial effect" prong of this jurisdictional test, the Second Circuit focuses on two areas: (1) likely U.S. customer confusion caused by the infringing goods and (2) the harm to the protected company's reputation. *A.V. By Versace*, 126 F. Supp. 2d at 339. "Where the likelihood of consumer confusion or harm to a plaintiff's reputation is not serious, however, the Second Circuit [will] refuse to permit the extraterritorial application of the Lanham Act." *Id.* at 340 (citing Atlantic Richfield, 150 F.3d at 192).

In *World Book, Inc., v. Int'l Bus. Machs. Corp.*, 354 F. Supp. 2d 451 (S.D.N.Y. 2005), a situation nearly identical to the present case, the parties entered into an agreement in which World Book granted defendant IBM a license to distribute products, including CD versions of its encyclopedia. IBM later authorized its subsidiary, Lotus Development (UK) Ltd., to enter into a distribution agreement in the United Kingdom, and World Book filed suit alleging violations of the Lanham Act. *Id.* The court determined that IBM's domestic activity – authorization of the distribution abroad – was insufficient to support extraterritorial application of the Lanham Act and dismissed the claim. *Id.* at 454.

Here, even if Plaintiffs meet the first two requirements of the *Atlantic Richfield* test, Plaintiffs' Lanham Act claim still must be dismissed because they cannot satisfy the "substantial domestic effects" requirement needed to apply the Lanham Act extraterritorially. The Amended Complaint does not contain any allegations that consumers located *in the United States* will be

confused, or Plaintiffs' reputation damaged, by the release *in Europe* of compilation albums containing the Gasolina Remix, or the public performance of the Gasolina Remix *in Europe*. Moreover, even liberally construing Plaintiffs' claims to include an implied allegation that TVT should be liable under the Lanham Act because it allegedly authorized the release of compilation albums in Europe, under *World Book*, such authorization is also insufficient as a matter of law to warrant application of the Act. 354 F. Supp. 2d at 454.

Additionally, any claim that TVT's release of the Gasolina Remix on the Crunk Juice Album in the United States will result in confusion or damage to Plaintiffs' reputation is precluded by Plaintiffs' express authorization of such conduct. *See, e.g., Time, Inc. v. Petersen Publishing Co.*, 173 F. 3d 113, 117 (2d Cir. 1999) ("The Lanham Act prohibits the use in commerce, *without consent*, of any 'registered mark . . . in a way that is likely to cause confusion.") (emphasis added).

Accordingly, Plaintiffs' fourth claim for relief must also be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## IV. "INTERNATIONAL COPYRIGHT LAW" DOES NOT CONFER SUBJECT MATTER JURISDICTION ON THIS COURT

Having failed to allege any predicate act of infringement in the United States, Plaintiffs resort to the Universal Copyright Convention "and otherwise" in the hopes of establishing subject matter jurisdiction in this court to adjudicate their claims of violation of "international copyrights." Am. Comp. ¶¶ 50-53. The Universal Copyright Convention does not, however, confer subject matter jurisdiction on this Court to entertain an action asserting copyright infringement outside of the United States. As described in *Beechwood Music Corp. v. Vee Jay Records, Inc.*:

> [t]he essential feature of the Convention is nondiscrimination by member
> nations. A member nation must accord works protected by the
> Convention the same protection that it grants to domestic works . . . The
> Convention deals with reciprocity in the registration and exploitation of
> foreign created copyrights and *does not provide for the exportation or
> extraterritorial application of the copyright laws of member nations.*

226 F. Supp. 8, (S.D.N.Y. 1964) (emphasis added).

Similarly, in *De Bardossy*, the plaintiff argued that if infringement took place in a country outside of the United States and entitled plaintiff to sue for relief in that country, jurisdiction would also be conferred in an American court. The court correctly rejected this argument, stating:

> The Convention does not expand a member state's copyright laws
> extraterritorially. Instead, the Convention simply provides that a
> contracting state must accord the same copyright protection to a work
> produced or created abroad but infringed in the contracting state that it
> would to a domestic work. For this reason, the Court holds that there is no
> subject matter jurisdiction over the plaintiff's claims under the
> Convention.

763 F. Supp. 1239, 1245.

Although in certain circumstances a United States court can apply foreign copyright laws (*see, e.g., Boosey & Hawkes Music Pubs, Ltd. v. Walt Disney Co.*, 145 F.3d 481 (2d Cir. 1998)), Plaintiffs' Amended Complaint does not even specify the foreign territories in which their "international copyrights" have allegedly been infringed, let alone allege that they hold valid copyrights for the work at issue in any foreign territory. Nor does the Amended Complaint specify any international agreements or treaties other than the Universal Copyright Convention upon which they rely to establish jurisdiction. Even giving Plaintiffs' Amended Complaint the most liberal construction, and assuming that the "and otherwise" in paragraphs 51 and 52 is a reference to the Berne Convention, the result is no different. As the court stated in *Quantitative Fin. Software v. Infinity Fin. Tech.*, 1998 U.S. Dist. LEXIS 11575, *6 (S.D.N.Y. 1998),

"[n]either the Berne Convention Implementation Act nor the Berne Convention confers subject matter jurisdiction to entertain an action asserting copyright infringement outside of the United States."

Accordingly, Plaintiffs' fifth claim for relief must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## V. PLAINTIFFS CANNOT STATE A CLAIM FOR DECLARATORY RELIEF UNDER THE COPYRIGHT ACT

Plaintiffs' sixth claim for relief seeks a declaratory judgment "(i) identifying each of El Cartel and Cangris Publishing to be the owners of their respective copyrights in and to those portions of the master and composition that constitute the [Gasolina Remix] and that embody the Gasolina Composition or Gasolina Recording, respectively, and (ii) other than as expressly permitted by the Limited License, prohibiting Defendants from exploiting the [Gasolina Remix ] absent El Cartel's and/or Cangris Publishing's written permission in each instance." Am. Comp. ¶ 55. However, courts will not enter declaratory judgments where the underlying substantive claims have been dismissed. *See, e.g., Connolly v. McCall*, No. 98 Civ. 2889 (DAB), 2000 WL 375239 (S.D.N.Y. April 12, 2000). Thus, absent any copyright infringement allegations that establish subject matter jurisdiction before this Court, or other claims upon which relief can be granted, Plaintiffs' related claim for declaratory relief must also be dismissed for failure to state a claim under Fed R. Civ. P. 12(b)(6).

## VI. THE ALLEGED "OFFERING" TO UNIVERSAL FILMS OF THE RIGHTS TO USE THE GASOLINA REMIX IN A MOVIE TRAILER DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs' allegation, in Paragraph 26(c) of the Amended Complaint, that TVT offered to Universal Films the right to use the Gasolina Remix in a movie trailer, and that TVT claimed sole ownership of the Gasolina Remix, is insufficient to state a claim for copyright infringement

13

upon which relief can be granted. "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). Here, Plaintiffs do not allege that Universal Films ever used the Gasolina Remix in the movie trailer, or even that this conduct occurred in the United States. Accordingly, even construing the Amended Complaint liberally to assume that this conduct did occur in the United States, this allegation fails to satisfy the second element necessary to state a claim for copyright infringement – that any unauthorized copying of Plaintiffs' copyrighted work actually occurred. To the extent that Plaintiffs base any of their claims for copyright infringement on Paragraph 26(c) of the Amended Complaint, Plaintiffs thus fail to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, TVT respectfully requests an order from the Court (1) dismissing Plaintiffs' Amended Complaint with prejudice, and (2) granting such other relief as the Court deems appropriate.

Dated: June 8, 2005

AKIN GUMP STRAUSS HAUER & FELD LLP

_____
Abid Qureshi (AQ-4882)
Deborah J. Newman (DJ-3272)
590 Madison Avenue
New York, New York 10022
(212) 872-7481

Rhonda R. Trotter
2029 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 229-1000

*Attorneys for Defendants TeeVee Toons, Inc. and TVT Music, Inc.*