**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

RAMON AYALA, EL CARTEL RECORDS, INC.
and LOS CANGRIS, INC. d/b/a CANGRIS
PUBLISHING,

                     Plaintiffs,

   v.

TEEVEE TOONS, INC. d/b/a TVT RECORDS,
TVT MUSIC, INC., JONATHAN SMITH,
ARMANDO PEREZ, and DOES 1-2000,

                     Defendants.

---

Civil Action No.
05 CV 4392 (BSJ)

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

KAYE SCHOLER LLP
Peter L. Haviland
Rhonda R. Trotter
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048
(310) 788-1000

Paul C. Llewellyn (PL 8634)
Kerren R. Misulovin (KM 8331)
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Defendant*s

Dated: August 22, 2005

# TABLE OF CONTENTS

                                                                                                                 **Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.       Plaintiffs Fail to Allege a Predicate Act of Infringement by TVT in the United States Giving Rise to Subject Matter Jurisdiction over Plaintiffs' United States Copyright Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.      Neither the Berne Convention Nor the Universal Copyright Convention Confers Subject Matter Jurisdiction over Plaintiffs' International Copyright Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Beechwood Music Corp. v. Vee Jay Records, Inc.*,
      226 F. Supp. 8 (S.D.N.Y. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
      2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 11, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*CACI Int'l, Inc. v. Pentagen Techs, Int'l*,
      1994 U.S. Dist. LEXIS 21457 (E.D. Va., June 16, 1994) . . . . . . . . . . . . . . . . . . . . . . . . 7

*De Bardossy v. Puski*,
      763 F. Supp. 1239 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

*Faulkner v. Nat'l Geographic Enters.*,
      409 F.3d 26 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*,
      1996 U.S. Dist. LEXIS 18653 (S.D.N.Y. Dec. 16, 1996) . . . . . . . . . . . . . . . . . . . . 2, 4, 5

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
      443 F.2d 1159 (2d Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Murray v. BBC*,
      81 F.3d 287 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Qualitative Fin. Software, Ltd. v. Infinity Fin. Tech., Inc.*,
      1998 U.S. Dist. LEXIS 11575 (S.D.N.Y. July 27, 1998) . . . . . . . . . . . . . . . . . . . . . 3, 6, 7

*Stewart v. adidas A.G.*,
      1997 U.S. Dist. LEXIS 5778 (S.D.N.Y. Apr. 29, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*T.B. Harms Co. v. Eliscu*,
      226 F. Supp. 337 (S.D.N.Y. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

**PRELIMINARY STATEMENT**

Defendants TeeVee Toons, Inc. d/b/a TVT Records and TVT Music, Inc. (collectively, "TVT") submit this Supplemental Memorandum of Law, pursuant to the Court's August 9, 2005 order, in further support of their pending motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and in response to the additional allegations in plaintiffs' recently filed Second Amended Complaint ("Complaint").

For the reasons set forth below and in TVT's prior briefs, neither the Complaint nor the Pollack declaration establish subject matter jurisdiction over plaintiffs' copyright claims, or even a *prima facie* case warranting discovery on jurisdictional issues. It is undisputed that a predicate act of infringement in the United States, leading to infringement abroad, is required in order for the Court to exercise jurisdiction over foreign acts of infringement. However, plaintiffs' Complaint alleges only in an impermissibly conclusory manner that TVT has engaged in any infringing acts in the United States that could give rise to subject matter jurisdiction over the purportedly unlawful foreign licensing of which plaintiffs complain. Moreover, as shown below and in the accompanying declaration of TVT's Jacqueline M. Sussman, TVT has engaged in no such predicate acts of infringement in the United States. Plaintiffs' only other allegations of alleged infringement in the United States consist of alleged sales by third parties and the conclusory allegation that TVT is somehow contributorily liable for those sales. As also shown below and in the Sussman Declaration, however, TVT has no connection to the third parties that plaintiffs allege have engaged in infringing conduct in the United States – some of whom are

mere third party infringers of TVT's rights in the Gasolina Remix at issue in this case (the "Remix").[1]

**ARGUMENT**

I.  **PLAINTIFFS FAIL TO ALLEGE A PREDICATE ACT OF INFRINGEMENT BY TVT IN THE UNITED STATES GIVING RISE TO SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' UNITED STATES COPYRIGHT CLAIMS.**

As demonstrated in defendants' prior briefs, "[i]t is well established that copyright laws generally do not have extraterritorial application," and that in order for a federal court to exercise jurisdiction over a copyright claim alleging infringement outside of the United States, plaintiffs must show the existence of a predicate infringing act in the United States that led to further infringement abroad. *See Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 1996 U.S. Dist. LEXIS 18653, *14 (S.D.N.Y. Dec. 16, 1996); *see also De Bardossy v. Puski*, 763 F. Supp. 1239, 1243 (S.D.N.Y. 1991) (*See* Def. Mem. at 5; Def. Reply at 2). There is no specific allegation, nor any evidence, of any such predicate act in the United States that has anything to do with TVT. Indeed, there is no specific allegation of any predicate act of infringement by anyone in the United States leading to alleged infringement outside of the United States.

Plaintiffs' Complaint contains only conclusory allegations that TVT has engaged in any acts of infringement in the United States, which are necessary for the Court to have subject matter jurisdiction over any alleged foreign infringement. For example, plaintiffs allege that "Defendant TVT knowingly and intentionally licensed third parties the right to exploit the Infringing Derivative Work in the United States in violation of the Limited License." (Compl.

---

[1] Plaintiffs' allegations on their Lanham Act claim, relating to alleged improper crediting of the Remix, are unchanged and that claim should be dismissed for the reasons set forth in defendants' prior briefs. (Def. Mem. at 7-11; Def. Reply at 4-6).

¶ 28). Such vague and conclusory allegations cannot withstand a motion to dismiss for lack of subject matter jurisdiction. *See Qualitative Fin. Software, Ltd. v. Infinity Fin. Tech., Inc.*, 1998 U.S. Dist. LEXIS (S.D.N.Y. July 27, 1998) ("conclusory allegations" did not support federal subject matter jurisdiction where allegations did not establish any predicate act in the United States or controvert the affidavit of defendant's employee showing no infringement in the United States); *see also T.B. Harms Co. v. Eliscu*, 226 F. Supp. 337, 339 (S.D.N.Y. 1964) (conclusory allegations of copyright infringement unsupported by evidence failed to support federal subject matter jurisdiction). Here, plaintiffs at best allege that TVT licensed the reproduction of the Remix abroad which led to importation of the allegedly infringing work into the United States by some third parties. Even if true and relevant to the claims in this case, these are not predicate acts of infringement giving rise to subject matter jurisdiction over the alleged foreign infringements about which plaintiffs complain. *See* pp. 4-5, *infra*.

As set forth in the declaration of Jacqueline M. Sussman, moreover, the evidence shows that TVT did not engage in any acts of alleged infringement in the United States. TVT has not been a party to any of the allegedly unlawful licensing or copying of which plaintiffs complain, has not engaged in or encouraged any reproduction or distribution of the Remix in the United States except in connection with the admittedly authorized Crunk Juice album, and has not engaged in or encouraged any importation of products containing the Remix into the United States. TVT has absolutely no relation to anyone bringing products containing the Remix into the United States. (Sussman Decl. ¶ 4).

Thus, first, TVT does not do any licensing in Europe; all European licensing of material in TVT's catalog takes place through a European affiliate, TVT Europe GmbH ("TVT Europe"),

located in Germany, through a preexisting label distribution agreement. (Sussman Decl. ¶ 5). Second, TVT has not authorized any entity (other than TVT Europe) to reproduce or distribute the Remix either in the United States or abroad, and, TVT has not authorized *any* entity in the United States to reproduce or distribute the Remix, whether on CD, vinyl records, by digital download or otherwise. Nor has TVT authorized or encouraged any entity to import foreign copies of the Remix into the United States. Indeed, TVT does not have any relationship at all with any entity importing foreign copies of the Remix into the United States. (Sussman Decl. ¶ 6). Third, the only copying of the Remix in which TVT has engaged has been for the Crunk Juice album, which plaintiffs concede is authorized. TVT has not engaged in any other copying or distribution of the Remix in the United States or elsewhere. (Sussman Decl. ¶ 7).

Faced with identical facts, the court in *Fun-Damental Too* found no predicate act of infringement in the United States giving rise to subject matter jurisdiction over foreign acts of infringement. 1996 U.S. Dist. LEXIS 18653, at *17-18. In *Fun-Damental Too*, the Court dismissed plaintiff's claim of copyright infringement against a defendant who shipped a sample of plaintiff's copyrighted toy bank from the United States to a Chinese factory for subsequent production. The Court found that transporting the toy bank from the United States to China was not a copyright violation as "[i]t did not involve the illegal reproduction of the copyrighted work, preparation of derivative works, or distribution of copies of the copyrighted work to the public." *Id.* at *18; *see also De Bardossy*, 763 F. Supp. at 1244 ("[P]laintiff does not -- and, indeed, cannot -- claim that the mere act of taking books legally produced in the United States to Hungary violated the Copyright Act."). The Court in *Fun-Damental Too* further found that "mere authorization and approval of copyright infringements taking place outside the United

States is not a copyright violation and does not create jurisdiction over those extraterritorial acts." 1996 U.S. Dist. LEXIS 18653, at *18.

Similarly, here, defendants' acts are not sufficient to confer jurisdiction on this Court over any purported infringement outside of the United States. As set forth above, the only copying of the Remix TVT has engaged in or authorized has been for production of the Crunk Juice album, which plaintiffs concede is authorized. (Sussman Decl. ¶ 7). Under *Fun-Damental Too* and *De Bardossy*, transportation of lawful copies to Europe is an insufficient predicate act of infringement in the United States. Having failed to allege any predicate act of infringement by TVT in the United States, this Court lacks subject matter jurisdiction over plaintiffs' claim of United States copyright infringement relating to alleged infringements taking place abroad.

In addition to plaintiffs' conclusory allegations of infringement by TVT in the United States, the Complaint and Pollack Declaration purport to identify copies of the allegedly infringing Remix sold in the United States. However, as set forth in Ms. Sussman's declaration, TVT neither authorized nor was aware of the importation of those copies into the United States, and in some instances, the copies are wholly unauthorized third party infringements of TVT's rights. Thus, to the extent that some of the copies identified in the exhibits to Mr. Pollack's declaration and referred to in the Complaint are TVT's Remix, they are either (1) the Remix as published by Edel Italia, an Italian record company, pursuant to a licensing agreement with SPV, a subdistributor of TVT Europe, none of whom are parties to this action, or (2) unauthorized infringement of TVT's rights in the Remix. None of the retailers identified in those exhibits as

shipping copies of the Remix into the United States were licensed or authorized by TVT to distribute the Remix. (Sussman Decl. ¶¶ 8-12).[2]

Lastly, to the extent plaintiffs are relying on a theory of contributory infringement, their allegations of knowledge and inducement (Compl. ¶¶ 27-28, 30) are wholly conclusory and thus do not demonstrate that the Court has subject matter jurisdiction. *See, e.g., Qualitative*, 1998 U.S. Dist. LEXIS 11575, at *6; *T.B. Harms*, 226 F. Supp. at 339. In fact, TVT had nothing to do with any alleged third party's actions involving the Remix in the United States, and thus, plaintiffs' claim of contributory infringement cannot form the basis of subject matter jurisdiction. A party is not liable for contributory infringement unless 1) it has "'knowledge of the infringing activity,'" and 2) "'induces, causes or materially contributes to the infringing conduct of another.'" *Faulkner v. Nat'l Geographic Enters.*, 409 F.3d 26, 40 (2d Cir. 2005) (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)) (finding no contributory infringement); *see also Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967, at *4 (S.D.N.Y. Feb. 11, 2003) ("A plaintiff must allege that the defendant knew of, and substantially participated in, the alleged direct infringement, for a claim of contributory infringement to stand.").[3]

---

[2] Even if, *arguendo*, the Court finds that it does have subject matter jurisdiction based on importation of the Remix into the United States or the unlawful sales by unrelated third parties, despite the fact that TVT had no involvement with such importation or sales, the Court still would not have jurisdiction over any distribution or licensing of the Remix abroad, because there is no predicate act of infringement by TVT (or anyone else) in the United States with respect to any foreign activities.

[3] In addition to the allegations of licensing abroad and importation into the United States by third parties, plaintiffs' Complaint alleges improper crediting of the Remix. (Compl. ¶ 26c). TVT has no involvement at all in the writing of credits and liner notes for tracks licensed to third parties in Europe or elsewhere outside the United States. (Sussman
(continued...)

II.   **NEITHER THE BERNE CONVENTION NOR THE UNIVERSAL COPYRIGHT CONVENTION CONFERS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' INTERNATIONAL COPYRIGHT CLAIMS.**

Plaintiffs allege that the Court has jurisdiction over its international copyright claims under the Berne Convention and Universal Copyright Convention. However, as defendants have shown in their opening brief (Def. Mem. at 12), the Universal Copyright Convention -- which confers the same rights as under the Berne Convention -- "does not expand a member state's copyright laws extraterritorially. Instead, the Convention simply provides that a contracting state must accord the same copyright protection to a work produced or created abroad but infringed in the contracting state that it would to a domestic work." *De Bardossy*, 763 F. Supp. at 1245; *see also Beechwood Music Corp. v. Vee Jay Records, Inc.*, 226 F. Supp. 8, 14 (S.D.N.Y. 1964) ("The [Uniform Copyright] Convention deals with reciprocity in the registration and exploitation of foreign created copyrights and does not provide for the exportation or extraterritorial application of the copyright laws of the member nations."); *Qualitative,* 1998 U.S. Dist. LEXIS 11575, at *6 (holding that the Berne Convention does not confer "subject matter jurisdiction to entertain an action asserting copyright infringement outside of the United States"). Plaintiffs' amendment of their complaint to specify one country purportedly at issue in this claim – Italy – does not alter this black letter law. For this reason, there is no subject matter

---

[3]   (...continued)
Decl. ¶ 13). In any event, improper crediting of a musical work does not constitute copyright infringement. Plaintiffs also allege that TVT offered a license to Universal Films (Compl. ¶ 26c), but do not allege that any license was entered. A mere offer to license does not, as a matter of law, constitute copyright infringement. *See CACI Int'l, Inc. v. Pentagen Techs, Int'l*, 1994 U.S. Dist. LEXIS 21457, at *13-14 (E.D. Va., June 16, 1994) ("In claiming that a mere offer to provide a derivative work of copyrighted material constitutes infringement, defendants overlook an essential element of an infringement claim: that the work was copied.").

jurisdiction over plaintiffs' international copyright claims under either the Berne Convention or the Universal Copyright Convention.[4]

---

[4] Moreover, if the Court were to find that subject matter jurisdiction exists over plaintiffs' international copyright claims -- and we submit that it does not exist -- the claims would be dismissable on the ground of *forum non conveniens*. Such claims under foreign copyright law would be solely about licensing and distribution occurring abroad, would substantially involve foreign records and witnesses, and would be governed by foreign law. *See Murray v. BBC*, 81 F.3d 287, 293-94 (2d Cir. 1996) (affirming dismissal of copyright claims under British and American law where virtually all witnesses and records were British and where "connection of this case to the United States is as tenuous as its connection to the United Kingdom is strong."); *see also Stewart v. adidas A.G.*, 1997 U.S. Dist. LEXIS 5778, at *24-25 (S.D.N.Y. Apr. 29, 1997) (dismissing on *forum non conveniens* grounds claims involving German copyrights where claims involved foreign law, foreign witnesses and foreign conduct).

## CONCLUSION

For the foregoing reasons and the reasons stated in defendants' prior briefs, defendants respectfully request that this Court grant their motion for to dismiss.

Dated: August 22, 2005
      New York, New York

Respectfully submitted,

KAYE SCHOLER LLP

      / s /
Paul C. Llewellyn (PL 8634)
Kerren R. Misulovin (KM 8331)
425 Park Avenue
New York, New York 10022
(212) 836-8000

Peter L. Haviland
Rhonda R. Trotter
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067-6048
(310) 788-1000

*Attorneys for Defendants*